UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEMENS INDUSTRY INC., | No. 2:17-cv-02110-TLN-EFB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION TO DISMISS** |
| AMERICAN HEAVY MOVING AND RIGGING, INC., | |
| Defendant. | |

This matter is before the Court on Plaintiff Siemens Industry Inc.'s ("Plaintiff") Motion for Leave to Amend, (ECF No. 17), and Defendant American Heavy Moving and Rigging, Inc.'s ("Defendant") Motion to Dismiss, (ECF No. 5). Each party opposes the other's motion. (ECF Nos. 11 & 23.) Each party replied to the other's opposition. (ECF Nos. 22 & 26.) For the reasons detailed below, the Court hereby GRANTS Plaintiff's Motion for Leave to Amend, (ECF No. 17) and DENIES as moot Defendant's Motion to Dismiss, (ECF No. 5).

///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Siemens Industry Inc.'s ("Plaintiff") alleges that in 2013, Siemens Energy Inc.,[1] through its purchasing arm Siemens Power Inc., requested Defendant American Heavy Moving and Rigging, Inc. ("Defendant") submit a proposal to provide transfer and delivery of a power transformer that Plaintiff manufactured from rail delivery in Marysville, California to the client, PG&E, in Dobbins, California. (ECF No. 18-1 ¶¶ 9–10.) Plaintiff alleges Defendant submitted a proposal, which Plaintiff accepted by sending Defendant Purchase Order No. 3586694. (ECF No. 18-1 ¶ 11.) Plaintiff alleges the purchase order also contained additional terms and conditions, including a choice of law provision calling for Florida law to apply. (ECF No. 18-1 ¶ 11.) Plaintiff alleges its principle place of business was Orlando, Florida. (ECF No. 18-1 ¶ 2.)

Plaintiff alleges Defendant undertook and completed the transfer and delivery of the transformer without objecting to the additional terms. (ECF No. 18-1 ¶ 14.) Plaintiff alleges Defendant delivered the transformer to its final location in Dobbins, CA on October 13, 2013, the transformer was inspected on delivery, and it was determined the transformer had sustained significant internal damage. (ECF No. 18-1 ¶¶ 15–16.) Plaintiff alleges PG&E rejected delivery of the transformer because of the damage, which resulted in a constructive total loss to Plaintiff. (ECF No. 18-1 ¶¶ 15–16.) Plaintiff alleges Defendant is responsible because the transformer was allegedly damaged while in Defendant's possession. (ECF No. 18-1 ¶ 17.)

Plaintiff filed suit on October 11, 2017, as successor and transferee of Siemens Energy Inc., asserting claims for breach of written contract, breach of bailment contract, and negligence. (ECF No. 1.) On November 3, 2017, Defendant moved to dismiss, alleging California's two-year statute of limitations bars two of Plaintiff's claims. (ECF No. 5.) The parties agreed to several extensions of time to oppose that motion. (ECF Nos. 6–9.) On January 22, 2018, Plaintiff moved to amend to clarify the role of each party to show Florida's four-year statute of limitation should apply, and to add as a plaintiff AXA Corporate Solutions, a German corporation which is the subrogated cargo insurer for the loss of the transformer. (ECF No. 18.)

---

[1] In 2015, Plaintiff purchased from Siemens Energy, Inc. all assets and liabilities for its Transformer Solutions, Transformers, and High Voltage Products business units. (ECF No. 18-1 ¶ 2.) Plaintiff is, therefore, the successor and/or transferee of Siemens Energy, Inc. in this matter. (ECF No. 18-1 at 1.)

2

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 15(a)(1) permits a plaintiff to amend the complaint as a matter of right within (l) 2l days after serving it; or (2) after the defendant files a responsive pleading or a Rule 12(b), (e) or (f) motion. Under Federal Rule of Civil Procedure 15(a)(2), if a plaintiff moves for leave to amend after 21 days, a court should grant leave to amend "freely."

A court need not grant leave, however, if the defendant can show that amendment would be futile. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013). A proposed amendment is futile if there are no set of facts the plaintiff can prove to demonstrate a valid claim or defense. *Leitner v. Sadhana Temple of New York, Inc.*, No. CV 13-07902 MMM (Ex), 2014 WL 12591666, *7 (C.D. Cal. May 8, 2014) (citing *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988)). If the plaintiff's claims are barred by the statute of limitation, the court may deny leave to amend based on futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). When a defendant asserts amendment is futile due to the statute of limitations, the court must determine whether the proposed claims are time-barred. *Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 530 (N.D. Cal. Nov. 13, 2000). Granting or denying leave to amend a complaint is generally within the discretion of the district court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 992 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

///

**A. ANALYSIS**

Plaintiff states it requests leave to amend to clarify the contracting parties' identities and identify an interested party to justify the selection of Florida law in the purchase order's choice of law provision. (ECF Nos. 18 at 3–4; 26 at 2–3.) Plaintiff argues the need to amend did not become apparent until Defendant moved to dismiss because Plaintiff could not have anticipated Defendant would challenge the application of the choice of law provision. (ECF No. 18 at 1.) Defendant opposes, arguing the choice of law provision in the purchase order is unenforceable, so California law applies and Plaintiff's claims are barred by California's two-year statute of limitation. (ECF No. 23 at 3–4.) Defendant argues the claims should be dismissed, therefore, it would be futile for Plaintiff to amend. (ECF No. 23 at 3–4.)

Federal courts sitting in diversity apply the conflict of laws rule of the forum state. *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987). This Court applies California's conflict of law rule to determine whether California or Florida's statute of limitation applies. California courts apply the principles set forth in the Restatement (Second) of Conflict of Laws Section 187 to determine the enforceability of choice of law provisions in arm's length transactions. *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459, 464–65 (1992). This reflects a strong policy favoring enforcement of these provisions. *Id*. at 465.

Under this approach, a court first determines (1) whether the state selected has a substantial relationship to the parties or the transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. *Nedlloyd*, 3 Cal. 4th at 466. A substantial relationship exists where one of the parties is domiciled or incorporated in the chosen state. *Id*. at 467. Here, Plaintiff alleges that at the time of the agreement in 2013, one of the contracting parties had its principle place of business in Florida. (ECF No. 18-1 at 2.) This is sufficient to establish both a substantial relationship to Florida and a reasonable basis for choosing Florida law to govern the agreement. *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065–66 (9th Cir. 2005) (finding both substantial relationship and reasonable basis established for New York choice of law provision where New York limited partnerships were on one side of the transaction and the corporation which was to benefit had its principal place of business in New York).

If "either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California." *Nedlloyd*, 3 Cal. 4th at 466 (emphasis original). If Florida law presents "a fundamental conflict with California law, the court must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue....'" *Id*. (quoting Rest., § 187, subd. (2)).

Here, the California and Florida statutes of limitations governing claims for breach of a bailment contract and negligence differ. Florida's statute is four years, whereas California's statute of limitations is two years. Fla. Stat. § 95.11(3); Cal. Civ. Proc. Code § 339(1). Plaintiff filed suit on October 11, 2017, for damage discovered on October 13, 2013. Plaintiff's claims would be timely under Florida law but time-barred under California law. Courts addressing similar cases have determined that a two year difference in the statute of limitations is a "small discrepancy" which "does not mean the statutes are in conflict," and that applying the longer statute of limitations "is not contrary to a fundamental policy of California." *J.P. Morgan Chase Bank, N.A. v. Shea Mortg., Inc.*, No. CV139128-PSG-JCGX, 2014 WL 12696354, at *4 (C.D. Cal. Nov. 14, 2014) (holding the New Jersey choice-of-law provision was enforceable and that New Jersey's six-year limitation applied to the plaintiff's claims for breach rather than California's two-year limitation) (quoting *Lehman Bros. Holdings v. First Priority Fin., Inc.*, No. 12–CV–1500–JAM–KJN, 2013 WL 753496, at *3 (E.D. Cal. Feb. 27, 2013)); *see also ABF Capital Corp.*, 414 F.3d at 1066. Plaintiff's amendment, therefore, is not futile.

Accordingly, the Court grants Plaintiff's Motion for Leave to Amend and denies as moot Defendant's Motion to Dismiss.

**B. CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave to Amend, (ECF No. 17), and DENIES as moot Defendant's Motion to Dismiss, (ECF No. 5). The Clerk of the Court is directed to file Plaintiff's First Amended Complaint on the docket.

///

///

///

IT IS SO ORDERED.

Dated: January 2, 2019

Troy L. Nunley
United States District Judge